UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTRELL GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0241 (UNA) |
| ) | |
| US DISTRICT COURT GREENBELT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, *pro se* complaint, ECF No. 1, and motion for default judgment, ECF No. 3.  The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  FED. R. CIV. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

It appears that plaintiff was denied entry into the federal courthouse in Greenbelt, Maryland.  The nature of plaintiff's claim is unclear, however.  He alleges he went to the courthouse "asking for help," and asking "to get [his] belongings out of office and reopen cases[.]"  Compl. at 4.  Given the dearth of factual allegations, the complaint fails to meet Rule 8(a)'s minimal pleading standards.  To the extent plaintiff demands reopening cases in the U.S. District Court for the District of Maryland, this Court lacks jurisdiction to do so.  As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts.  *See, e.g., United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011).

An Order is issued separately.

DATE: February 20, 2025                               RUDOLPH CONTRERAS
                                                                          United States District Judge